UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SHAWN W. GAYLOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No. 1:14-cv-06-WTL-TAB |
| ) | |
| CAROLYN W. COLVIN Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

# ENTRY ON JUDICIAL REVIEW

Plaintiff Shawn W. Gaylor requests judicial review of the final decision of Defendant Carolyn W. Colvin, acting Commissioner of the Social Security Administration ("Commissioner"), denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Insurance Benefits ("SSI") under Titles II and XVI of the Social Security Act ("the Act"). The Court rules as follows.

## PROCEDURAL HISTORY

Gaylor applied for DIB on November 26, 2001,[1] alleging that he had been disabled since January 5, 2001. His applications were denied initially and upon reconsideration, after which he requested and was granted a hearing before an Administrative Law Judge ("ALJ"). Gaylor was represented by counsel at the hearing, which was held on September 10, 2003, before ALJ Harold Atherly. Thereafter, the case was transferred to ALJ Albert J. Velasquez. ALJ

---

[1] Perhaps the reader thinks this might be a typographical error, as the Court did when it first read Gaylor's brief. It is not. Gaylor has, in fact, been waiting more than thirteen years for a final adjudication of his claim for benefits.

Velasquez held a second hearing on April 20, 2004. Gaylor appeared in person and by counsel. The ALJ issued his decision denying Gaylor's application on May 28, 2004. The Appeals Council granted Gaylor's request for review, and on August 6, 2004, remanded the case to the ALJ for further proceedings.

A supplemental hearing—Gaylor's third—was held on March 31, 2005, before ALJ Velasquez, at which Gaylor was again represented by counsel. On August 26, 2005, ALJ Velasquez issued a decision again denying Gaylor's applications. After the Appeals Council denied review of that decision, Gaylor filed a complaint for judicial review on February 6, 2006. On March 16, 2007, Judge David F. Hamilton issued a decision affirming the Commissioner's decision. Gaylor filed a timely appeal with the United States Court of Appeals for the Seventh Circuit; on September 8, 2008, the Seventh Circuit reversed and remanded for further proceedings.

On remand, a hearing was held before ALJ Peter C. Americanos—Gaylor's fourth—on June 26, 2009. ALJ Americanos issued his decision denying Gaylor's application on October 21, 2009. Gaylor filed a timely appeal of that decision; he also during this time applied for SSI, and that application, dated April 2010, was consolidated with his original application.

On March 30, 2011, the Appeals Council remanded the matter for further proceedings once again. A hearing was held before ALJ John H. Metz on November 5, 2012; this was Gaylor's fifth hearing and ALJ Metz was the fourth ALJ to hear his case, which had now been dragging on for eleven years. ALJ Metz promptly issued a decision on November 30, 2012, denying Gaylor's applications. After the Appeals Council denied review of that decision, Gaylor filed this timely appeal.

# **FACTUAL BACKGROUND**

Between Gaylor's brief and the ALJ's decision, the medical facts of record are set out at length and need not be repeated here. Suffice it to say that Gaylor has been treated for back pain since injuring his back in 1996. He has undergone four surgical procedures on his back, including a right L5-S1 hemilaminotomy, foramintomy, discectomy, canal and nerve root decompression in January 2000 and a combined anterior and posterior spinal fusion from L4 through S1 in October 2002. He also has tried injections and physical therapy; for many years, he has been taking a variety of potent pain medications. In addition to his back condition, Gaylor has been treated for depression and anxiety; he takes medication for those conditions as well.

ALJ Metz found that Gaylor had the following severe impairments: low back pain, hypertension, chronic pain syndrome, head trauma, attention deficit disorder, major depression, anxiety disorder due to general medical condition, and personality disorder. He found that his impairments did not meet or equal a listing and that he had the residual functional capacity ("RFC") to perform light work. Specifically, he

> could lift, carry, push and pull up to twenty pounds occasionally and up to ten pounds frequently; he could sit for two hours at a time and for six hours in an eight hour day; stand for two hours at a time and for six hours during an eight hour day; and walk for two hours at a time and for six hours during an eight-hour day. [Gaylor] is restricted to occasional balancing, stooping, kneeling, stair climbing, bending, crouching, crawling, squatting, operation of foot controls and driving. [Gaylor] could never climb ladders, ropes or scaffolds, and could never work around unprotected heights. [He] is restricted to performing simple, routine, repetitive tasks. In addition, [he] could tolerate only occasional contact with coworkers, the public and supervisors. [He] must have regular expectations at work and could tolerate no more than moderate-paced work.

Record at 807-08. Given this RFC, the ALJ determined that Gaylor could not perform his past relevant work as a grocery store bagger/hand packager, cashier, store laborer, supervisor of

loading and unloading, and die cast operator. However, the ALJ found that there were jobs that exist in significant numbers in the national economy that he could perform, including housekeeper, packing line worker, ampoule sealer, and loader of semiconductor dies. Accordingly, the ALJ found that Gaylor was not disabled as defined by the Social Security Act.

## **DISCUSSION**

Gaylor identifies several ways in which he believes ALJ Metz erred in addressing his claim. The Court need only address one, as it is both obvious and dispositive.[2]

As noted above, the last time Gaylor's case came before the district court Judge Hamilton affirmed the Commissioner's decision but the Seventh Circuit reversed. The Seventh Circuit's opinion identified several errors, including:

> Lastly, the ALJ was required to consider Gaylor's back problems and the mental impairments together and evaluate their aggregate effect on his ability to work. His opinion lacks an evaluation of whether Gaylor's back pain is exacerbated by his depression, or the reverse, and whether that might create a more severe limitation on Gaylor than the impairments considered independently.

*Gaylor v. Astrue*, 292 Fed. Appx. 506 (7th Cir. 2008) (internal citation omitted). As Gaylor correctly points out, ALJ Metz's opinion also lacks the evaluation the Seventh Circuit held was required. The Commissioner's argument on this point is unhelpful:

> Plaintiff argues that the ALJ should have considered that his depression and other mental impairments cause him to experience pain and other symptoms with greater intensity than other people experience them. Plaintiff's argument should be rejected because the ALJ relied upon the opinion of Dr. Fischer, who considered the interplay between Plaintiff's mental impairments and his physical complaints. Plaintiff points to Dr. Fischer's testimony that depression and anxiety certainly could exacerbate his perception of pain (Plaintiff's Brief at 23, citing Tr. 1602). However, Dr. Fisher also testified that he had "incorporated his pain, which is subjective, but on *physical* examination, he had very little in the way of *physical* objective findings that would support that he has pain that would limit him further than what I limited him to, specifically, the consultative exam and his

---

[2]There are other problems with ALJ Metz's decision, but there is no need to expend any more taxpayer resources explaining the Commissioner's errors in this case.

>   treating doctor, Dr. Heathers, is a family doctor." Tr. 1608. Dr. Fischer went on to
>   say, "I don't believe he's been sent out to another specialist for years." Tr. 1609.
>   So, while Dr. Fischer did consider Plaintiff's subjective pain, he also noted the
>   surrounding evidence that there were no objective findings to support those
>   complaints and that Plaintiff had not been referred to a specialist or for further
>   testing in years.

Commissioner's Brief at 9 (emphasis added). The cited testimony of Dr. Fisher has nothing to do with the interplay between Gaylor's depression and his pain; rather, as the Commissioner notes, what Dr. Fisher based his opinion on was the lack of objective physical findings and recent testing, which leaves the effects of Gaylor's depression out of the picture altogether—exactly the error found by the Seventh Circuit. Indeed, Dr. Fischer's testimony contains the following exchange:

>   Q: When you gave your testimony, did you include recognition that the
>   individual's perception of pain may be exacerbated by his depression and
>   anxiety?
>
>   A: I don't know how to answer that. I mean, I guess.
>
>   Q: What does that mean?
>
>   A: Well, I'm not a psychologist, so I can't really . . . . And people can perceive
>   pain differently. If they're more anxious or depressed, their pain might seem
>   worse to them, yes, and I don't . . . .

Record at 1607. This further undermines the Commissioner's suggestion that Dr. Fischer—and then, by extension, the ALJ (although the ALJ did not mention it)—took the aggregate effects of Gaylor's depression and back problems into consideration when concluding that Gaylor was not disabled.

>   The remainder of the Commissioner's argument on the subject is similarly unavailing:
>
>   Dr. Oberlander also specifically considered treatment records from Dr. Heathers,
>   who treated Plaintiff for pain issues as well as for affective and anxiety
>   symptoms. Dr. Oberlander noted, "It is my opinion that, more often than not, the
>   claimant does spend an inordinate amount of time suggesting to his treating
>   physician what medications need to be tried, suggesting that various friends have

5

> used various medication combinations and, more often than not, Dr. Heathers complies with the claimant's requests." Tr. 1600. Dr. Oberlander also considered the records of Dr. Kennedy, the treating psychiatrist, which showed that Plaintiff was preoccupied with physical issues. However, these findings contrast with those of Dr. Roberts who found that Plaintiff could follow simple instructions and sustain concentration, which does not suggest that Plaintiff continued to be overly preoccupied with physical complaints. In any event, Dr. Oberlander limited Plaintiff to work with moderate expectations "given the fact that there is a certain amount of preoccupation with non-mental impairments, namely the amount of time claimant spends in any given – on any given day attending to physical issues, the pain issues." Tr. 1602. Dr. Oberlander also testified that depression and anxiety could exacerbate Plaintiff's perception of pain, but Plaintiff's counsel did not follow up with any additional questioning on this issue (Tr. 1602). Therefore, although Plaintiff experienced depression and anxiety which could exacerbate Plaintiff's perception of pain, there was no corroborating evidence, such as inability to maintain concentration or follow simple instructions, which would support this finding.

Commissioner's Brief at 10. The Court fails to follow the Commissioner's reasoning. It is unclear why a finding that Gaylor's depression did not make him unable to follow simple instructions and maintain concentration is relevant to the question of whether his depression exacerbated his perception of pain. Depression can have different effects on different people at different times; the Seventh Circuit instructed the Commissioner to evaluate whether one of its effects on Gaylor was to exacerbate his back pain. The Commissioner wholly failed to follow this instruction.

The only remaining question is whether this case should be remanded once again, as the Commissioner argues, or whether, as Gaylor urges, the Court should instead award Gaylor benefits directly. If the repeated failure of the Commissioner to follow the law were, by itself, sufficient reason to award benefits, there would be no question about the correct course of action in this case. However, "'[o]bduracy is not a ground on which to award benefits; the evidence properly in the record must demonstrate disability.'" *Allord v. Astrue*, 631 F.3d 411, 417 (7th Cir. 2011) (quoting *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005)).

6

In this case, there is ample evidence—namely, the opinions of several examining physicians, both treating and consultative, and Gaylor's own testimony—to demonstrate that Gaylor is disabled due to back pain.[3] *See* Gaylor's Brief at 3-17 (accurately summarizing the medical evidence of record). There is no question that Gaylor has satisfied his burden of demonstrating that he is disabled.

The ALJ points to the following evidence as supporting his finding of non-disability with regard to Gaylor's back pain: (1) the testimony of medical expert Lee Fischer; (2) the opinions of the state agency medical consultants; (3) normal findings made by consultative physician Dr. Warr; and (4) Gaylor's activities of daily living. But the Seventh Circuit already characterized the same set of daily activities as "relatively meager" and held that that "it is a deficient analysis to assume that a claimant's ability to care for personal needs and the needs of his or her children is synonymous with an ability to work." *Gaylor*, 292 Fed. Appx. at 513. And the fact that some of the physical findings in Dr. Warr's examination were normal is not, by itself, a reason to disregard his opinion that based on his overall examination—which also included abnormal physical findings—Gaylor could stand and walk for two hours out of a work day and sit for another two hours, but for the remaining time "it would be required for [him] to lie supine in order to alleviate pressure from his lumbar spine." Record at 1129. With regard to the non-examining doctors' opinions, "[a]n ALJ can reject an examining physician's opinion only for reasons supported by substantial evidence in the record; a contradictory opinion of a non-examining physician does not, by itself, suffice." *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003). The state consultative doctors' opinions were not based on the entire record,

---

[3]The Court need not, and therefore does not, address whether there is evidence to support a finding that Gaylor's depression renders him disabled independently of his back pain.

7

however, as they did not have any treating source opinions to review. Finally, Dr. Fischer's opinion was based on the lack of objective evidence to support the extent of pain Gaylor claimed to have, but "an ALJ may not discredit testimony of pain solely because there is no objective medical evidence to support it." *Myles v. Astrue,* 582 F.3d 672, 677 (7th Cir. 2009). The Commissioner has not identified substantial evidence in the over 1600-page record that would support a finding that Gaylor is not disabled.

Given the ample evidence of record that supports Gaylor's claim, the lack of evidence that contradicts it, and the numerous chances that the Commissioner has had properly address the claim, the Court finds that this is the type of "rare case" in which it is appropriate to award him benefits rather than remand for further proceedings.

## **CONCLUSION**

For the reasons explained above, the decision of the Commissioner is **REVERSED** and the Commissioner is **ORDERED** to grant Gaylor's applications for DIB and SSI benefits.

SO ORDERED: 3/17/15

_____
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification